Curia, per Withers. J.
In the case of M'Lean v. Executors of Green, the question turned .Upon the inquiry whether M’Leari was in fact apprised of the refusal of the defendants-in that case, to warrant the soundness of the negro he bought. It did not appear that the terms of the sale were in writing or in print. They were announced by the auctioneer at the opening of the transaction. A bill of sale was accepted by the plaintiff, warranting the title, but omitting everything as to soundness. In this state of affairs, the court held, by a majority, that the purchaser, M’L'ean, was acquainted with t.he condition, that the executors of Green declined to warrant soundness, as to each negro sold. If the evidence, being by parol,-and relating -to the condition of a contract, stipulated verbally and before it was reduced to writing, had been inadmissible, on the principle that such evidence is not receivable to vary, by addition, • subtraction or otherwise, a written contract, perhaps something might be gleaned from that case for use in this; But that rule of evidence was not involved in the case cited; for a warranty of *21 soundness is held as an implication not to be inconsistent with, or contradictory to, an express warranty of title. sides, in the present case, Chandler cannot be bound by actual notice that the plaintiffs weie not to deliver possession of the premises until the 1st January next, following the time of sale, because the fact was resolved otherwise, to wit: that Chandler did not have knowledge of that condition of the sale. Of course it is understood, that such a resolution of the Judge presiding in the summarry process jurisdiction upon the fact, is equivalent to the like finding by a jury. This would be enough, perhaps, to settle the case, for unless the defendant assented to the'condition of the contract, insisted upon here by the plaintiffs, which necessarily implies knowledge of their announcement of it, lie surely cannot be bound by such an -obligation.
But if he had notice, there is another ground upon which the decision on circuit may well rest; that the deed of conveyance specifying one reservation, and being entirely silent as to the postponement of possession, excludes any verbal stipulation to that effect, upon the principle of the law of evidence already adverted to. That such extrinsic evidence would add a material condition or reservation to the legal operation of the otherwise unambiguous terms of this deed of release, is too plain to,require argument or authority to support it. Whoever may be curious to examine abundant illustration of this point, will find it in the cases collected in note 961, p. 1428, of 3d Phillips on Evidence, by Cowan and Hill
The motion is dismissed.
Evans, Wardlaw and Frost, JJ. concurred.

Motion refused.